IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10139
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD CORNETT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-151-6-X
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ronald Cornett appeals the district court's enhancement of his base offense level pursuant to U.S.S.G. § 2S1.3(b)(1). Concluding that Cornett waived his right to appeal, we dismiss the appeal as frivolous. Cornett's first contention that a waiver-of-appeal provision is not valid where the sentence is unknown is foreclosed by our decision in United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992), in which we held that a defendant may waive his right to appeal, and that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

uncertainty of a sentence does not render such a waiver uninformed.

We also conclude that the district court's failure to admonish Cornett specifically about the waiver does not render the waiver unknowing or involuntary. The waiver was recited orally at the plea hearing, and Cornett confirmed to the court that the plea agreement as summarized was the agreement as he understood it. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). We decline Cornett's invitation to reconsider our holdings in either Melancon or Portillo as one panel may not overrule the prior decision of another panel. See Barber v. Johnson, 145 F.3d 234, 237 (5th Cir.), cert. denied, 525 U.S. 1005 (1998). We further note that Cornett has pointed to no evidence suggesting that his waiver was not, in fact, knowing or voluntary. Accordingly, we DISMISS the appeal as frivolous. See 5TH CIR. R. 42.2.

DISMISSED AS FRIVOLOUS.